# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| LAVAUGHN O. MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 11-cv-1136 |
| ) | |
| LEE RYKER, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## O P I N I O N & O R D E R

Before the Court is Petitioner LaVaughn O. Miller's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Petitioner has also filed a Motion for Leave to Proceed in forma pauperis (Doc. 2) and a Motion to Appoint Counsel (Doc. 4). For the reasons that follow, Petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) and Motion to Appoint Counsel (Doc. 3) are DENIED, and Respondent will be ordered to respond to the Petition.

### PETITION FOR HABEAS CORPUS RELIEF UNDER § 2254

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and has determined that Petitioner's claims could have merit. On March 11, 1999, Petitioner was convicted of home invasion, robbery, aggravated battery, and two counts of aggravated criminal sexual assault. (Doc. 1 at 1). Petitioner now attacks the validity of his conviction and

sentence based upon claims of ineffective assistance of counsel at trial[1] and on appeal, as well as violations of his Sixth Amendment rights to a speedy trial and a fair trial by an impartial jury. (Doc. 1 at 6-16). The Court cannot determine that Petitioner's claims are without merit, and will therefore order Respondent to respond to the Petition.[2]

### MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has also filed a Motion to Proceed in forma pauperis. (Doc. 2). Under 28 U.S.C. § 1915, the Court may allow a litigant to proceed without prepayment of fees or costs. The Motion is supported by an affidavit, and contains the information that is required by 28 U.S.C. § 1915(a)(1). In addition, the Court has received a copy of Petitioner's trust fund account ledger from the Lawrence Correctional Center (Doc. 3), as required by 28 U.S.C. § 1915(a)(2). In his affidavit, Petitioner asserts that he has no employment, income or property of value. (Doc. 2). However, Petitioner does state that he has $103.97 in his institutional trust fund account, and the Lawrcence Correctional Center Trust Fund ledger supports this statement. (Doc. 2 at 2; Doc. 3). Accordingly, the Court cannot find that Petitioner is unable to pay the $5.00 filing fee, and his Motion to Proceed in forma pauperis is DENIED.

---

[1] Petitioner alleges that his trial counsel was ineffective in many respects, at all stages of the trial and sentencing proceedings. (Doc. 1 at 6-9).

[2] Also included in Petitioners' Petition is a request for discovery. Pursuant to Rule 6 of the Rules Governing Section 2254 Cases, the Court may allow discovery for good cause. Petitioner has not provided the Court with good cause to allow for discovery at this stage of the proceedings, however the Court will reconsider this opinion after an Answer or other Response has been filed.

## MOTION TO APPOINT COUNSEL

Finally, Petitioner has submitted a Motion for Appointment of Counsel. (Doc. 4). Civil litigants are not entitled to a court appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. §1915(e)(1). Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). After a litigant has made such an attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id.* at 655-56, 660. Petitioner states that he attempted to contact a legal adviser through the institutional law library service, and that he is precluded from further attempts due to his incarceration in a segregation unit. (Doc. 4). However, the factual and legal issues underlying Petitioner's claims do not appear to be overly complex, and the Court believes that, at this stage, Petitioner is capable of litigating it himself without the assistance of counsel. This is especially true in light of the arguments Petitioner was able to articulate in his Petition.

In addition to appointment of counsel under 28 U.S.C. § 1915, the Court may appoint counsel in a 28 U.S.C. § 2254 case if discovery is required, and must appoint counsel if an evidentiary hearing is set. *See* Rules Governing Section 2254 Cases in the United States District Courts 6 and 8. Counsel may also be appointed if "the court determines that the interest of justice so require." 18 U.S.C. § 3006A. None

of these are applicable at this point in time; the Court will revisit the issue of appointment of counsel under these provisions if it later becomes necessary. Therefore, Petitioner's Motion to Appoint Counsel is DENIED WITHOUT PREJUDICE.

## CONCLUSION

IT IS THEREFORE ORDERED:

1. The Clerk SHALL cause a copy of the Petition (Doc. 1) to be served upon Respondent.

2. Respondent SHALL file an answer or other response within sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3. Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

4. Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

5. Petitioner's Motion to Proceed in forma pauperis (Doc. 2) is DENIED.

6. Petitioner SHALL submit the applicable filing fee within 28 days of the date of this Order, or his Petition will be dismissed.

7. Petitioner's Motion for Appointment of Counsel (Doc. 4) is DENIED WITHOUT PREJUDICE.

Entered this <u>6th</u> day of April, 2011.

                                                            s/ Joe B. McDade
                                                            JOE BILLY McDADE
                                          United States Senior District Judge